UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>**Carl Mongru,** | Case No. 23-bk-44014<br><br>**Chapter 13**<br><br>Hon. Jil Mazer-Marino |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PURSUANT TO 11 U.S.C. §1307(c)

## INTRODUCTION

Millennium Trust Company, LLC as Custodian FBO Prime Meridian NPL, LLC ("Secured Creditor") seeks the dismissal of this action because Carl Mongru ("Debtor") did not file the instant petition and did not authorize anyone to file it on his behalf. Upon information and belief, the title owner of the Property filed the instant bankruptcy on behalf of the Debtor using Debtor's information (with the wrong last four digits of the Debtor's social security number). The title owner did this to frustrate Secured Creditor and stay a foreclosure auction that was scheduled for November 2, 2023 pursuant to a Judgment of Foreclosure and Sale issued by the New York State Supreme Court, Kings County to foreclose a mortgage secured by a property formerly owned by Carl Mongru.

For the reasons set forth herein, this instant action must be dismissed.

## STATEMENT OF FACTS

A petition pursuant to Chapter 13 of the United States Bankruptcy Code in the name of Carl Mongru was filed on November 1, 2023. Secured Creditor submits herewith the affidavit of Carl Mongru attesting that he did not file this petition and that it was filed fraudulently.

Debtor is not an infant, incompetent, or currently on active duty in the military service of the United States of America.

Secured Creditor's predecessor filed a foreclosure complaint against the Debtor on July 30, 2014 in the Supreme Court of the State of New York, County of Kings bearing Index Number: 507014/2014 (the "Foreclosure Action") due to the default under the terms of the Note and Mortgage securing Secured Creditor's interest in certain real property located at 703 Pine Street, Brooklyn, New York 11208 (the "Property") in Kings County.

Secured Creditor obtained a Judgment of Foreclosure and Sale in the Foreclosure Action date March 17, 2023. *See* Declaration of Mojdeh Malekan ("Malekan Decl."), **Exhibit A**.

The Foreclosure Action is currently stayed by the filing of the instant Chapter 13 Petition. The default has not been satisfied by the Debtor.

By deed dated September 24, 2008, Debtor transferred title to the property to G&Q Estates Corp., a named defendant in the Foreclosure Action.  *See* Malekan Decl., **Exhibit B**.

G&Q Estates appeared in the Foreclosure Action in 2016 and has been actively defending the action since that date. The Supreme Court recently granted Secured Creditor's motion to appoint a Receiver of Rents and a proposed order is presently pending with the Court for execution. *See* Malekan Decl., **Exhibit C**.

Moreover,  a  foreclosure auction of the Property was scheduled for November 2, 2023. On the eve of the auction, November 1, 2023, the present bankruptcy petition was filed in the Debtor's name, effectively staying the Foreclosure Action. As a result, Secured Creditor cancelled the auction of the Property.

Subsequently, Secured Creditor's counsel attempted to reach Debtor at the phone number provided on the Bankruptcy Petition, (929)509-7300, to no avail.

Thereafter, Secured Creditor's counsel reached the Debtor via the phone number provided

on the loan documents upon which the Foreclosure Action is premised. Debtor advised that he was not aware of the bankruptcy filing, has no relationship with the Property, did not authorize anyone to file a petition on his behalf, and, in fact, had been traveling outside of the United States of America at the time that the petition was filed. *See* Declaration of Carl Mongru submitted herewith.

As the Debtor claims that the present petition was not authorized by him and fraudulently filed, Secured Creditor requests that this action be dismissed.

## ARGUMENT

### This Case Should Be Dismissed Pursuant to 11 USC §1307(c)

The dismissal of a Chapter 13 petition is governed by 11 USC §1307(c). 11 USC §1307(c) allows the dismissal of a bankruptcy petition "for cause" 11 USC §1307(c). *See* "Although not expressly enumerated in the statute, "it is well established that lack of good faith may also be cause for dismissal under § 1307(c)." *In Re Ciarcia*, 578 B.R. 495 (D. Conn. 2017), citing *In re Prisco*, 2012 WL 4364311, at *4 (N.D.N.Y. 2012). A bankruptcy petition that "contains deficiencies or inaccuracies meant to mislead the court" is evidence of bad faith warranting dismissal. *See Plagakis v. Gelberg (In re Plagakis),* No. 03 CV 0728 (SJ), 2004 WL 203090, at *4 (E.D.N.Y. Jan. 27, 2004); *see also In re Lin*, 499 B.R. 430, 436 (Bankr. S.D.N.Y. 2013); *Leavitt v. Soto (In re Leavitt),* 171 F.3d 1219 (9th Cir. 1999) (holding bad faith of dishonest debtor, who failed to disclose assets, warranted dismissal). There is clear evidence of bad faith here where the Debtor has submitted a declaration that he did not file the bankruptcy petition, the filing of which was timed to the auction of the Property and an apparent violation of 18 U.S.C.A. § 152, with possible criminal penalties. *See* 18 U.S.C.A. § 152; *Ewan v. U.S.,* 2012 WL 3646741 (E.D.N.Y. 2012). As such, Secured Creditor requests that this case be dismissed.

**This Action is a Nullity and *Void an Initio***

This case must be dismissed as a nullity as it was not commenced or authorized by the Debtor. A bankruptcy filing that was neither authorized nor intended could not have been "voluntary" and is therefore a legal nullity and void *ab initio. See In re Morgan*, 182 B.R. 4 (S.D.N.Y 1995) citing *In re Brown,* 163 B.R. 596 (Bankr.N.D.Fla.1993) (case dismissed as a legal nullity as petition was signed by someone other than the debtor without any showing that the signature was made in a representative capacity); *see also In re Harrison,* 158 B.R. 246 (Bankr.M.D.Fla.1993) (same).

"Bankruptcy is a personal exercise of a privilege and due to the seriousness of it, it may not be exercised by another.... We perceive bankruptcy to be a very personal matter which only the individual can voluntarily exercise." *See In re Raymond,* 12 B.R. 906, 907 (Bankr.E.D.Va.1981). "Simply put, voluntariness is the essence of a voluntary case and implies a personal, present intent to seek bankruptcy relief." *See In re Morgan*, 182 B.R. 4 (S.D.N.Y 1995).

Here, since Mr. Mongru evidently had no intent to commence this action and did not give his consent that this petition be filed, this action is not voluntary and is a nullity.  *See, e.g., In re Storay,* 364 B.R. 194 (Bankr.D.S.C.2006). Furthermore, the Court lacks jurisdiction over this action because there is and has not been a proper case by the Debtor before the Court. *Id.*

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

**WHEREFORE**, Secured Creditor, prays this Honorable Court enter an order dismissing this case pursuant to 11 USC §1307(c) and declaring it a nullity, and for any such further relief as this Honorable Court deems just and appropriate.

November 22, 2023
New York, NY

By: /s/ *Mojdeh Malekan*
Mojdeh Malekan, Esq.
Attorneys for Movant
450 Seventh Avenue, Suite 1408
New York, NY 10123
212-643-6677
mmalekan@hasbanilight.com